IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A., | § | |
| JPMORGAN CHASE & CO., and | § | |
| TAPD, LLC, | § | No. 261, 2023 |
| | § | |
| Defendants Below, | § | Court Below - Court of Chancery |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2022-1179 |
| | § | |
| CHARLIE JAVICE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 24, 2023
Decided: August 16, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the amended notice of interlocutory appeal and the exhibits, it appears to the Court that:

(1) This interlocutory appeal arises from an advancement action. Plaintiff below-appellee, Charlie Javice, is the former CEO of defendant below-appellant TAPD, LLC ("Frank"). In 2021, defendant below-appellant JP Morgan Chase & Co. acquired Frank through a wholly owned subsidiary, defendant below-appellant JPMorgan Chase Bank, N.A. ("JPMorgan Bank"). Javice continued to work for Frank after the merger closed. In the summer of 2022, JPMorgan Bank began to question the legitimacy of a customer list whose accuracy Javice verified during the

merger negotiations. JPMorgan Bank launched an investigation and later terminated Javice for cause. Javice demanded advancement and indemnification in connection with the investigation, which the defendants denied.

(2) On December 20, 2022, Javice filed an action for advancement in the Court of Chancery. Shortly thereafter, JPMorgan Bank filed a federal action against Javice and others for fraud and securities fraud. Javice also demanded advancement in connection with the federal action, which the defendants denied.

(3) The parties stipulated to resolve the issue of Javice's entitlement to advancement on cross-motions for summary judgment. Javice argued that she was entitled to advancement under multiple sources, including Frank's bylaws and the merger agreement. Relying on language in the merger agreement Javice signed in her capacity as Frank's CEO and a resignation letter she signed before closing, the defendants argued that Javice had waived her advancement rights.

(4) On May 8, 2023, the Court of Chancery issued a bench ruling granting Javice's motion and denying the defendants' motion. The court rejected the defendants' waiver argument, emphasizing that Javice was not a party to the merger agreement containing the waiver language on which the defendants relied. The court recognized that Javice was an intended thirty-party beneficiary to certain provisions of the merger agreement, but noted that parties to an agreement cannot unilaterally waive a third-party beneficiary's separate and independent rights. As to the

2

language in Javice's resignation letter, the court concluded that language did not accomplish the waiver the defendants argued they intended. The court held Javice was entitled to advancement and directed the parties to confer on an order establishing the protocol for submission of invoices in accordance with *Danenberg. v. Fitracks*.[1] The court entered the parties' stipulated *Fitracks* order on June 27, 2023.

(5) On June 29, 2023, the defendants filed an application for certification of an interlocutory appeal. Javice opposed the application. On July 13, 2023, the Court of Chancery denied the application for certification.

(6) In denying certification, the Court of Chancery first found that the resolution of the cross-motions for summary judgment determined a main question of law relating to the merits of the case and therefore decided a substantial issue. The court next considered the Rule 42(b)(iii) criteria upon which the defendants relied. As to Rule 42(b)(iii)(A) (question of law resolved for the first time), the court held its bench ruling applied existing waiver law and did not, as defendants argued, create a new legal standard for waiver. The court found that Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law) did not support certification because none of the cases the defendants relied upon were in conflict with the bench

---

[1] 58 A.3d 991, 1003-04 (Del. Ch. 2012) (establishing process for making and resolving advancement demands).

3

ruling. Turning to Rule 42(b)(iii)(C) (question of law relating to a statute that has not been, but should be, settled before appeal of final order), the court found that the defendants had not shown why resolution of the statutory interpretation arguments defendants raised should be resolved before the trial court issued a final order.

(7) The court agreed with the defendants that Rule 42(B)(iii)(G) (resolution of the interlocutory ruling may terminate the litigation) weighed in favor of certification. As to Rule 42(B)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court held that the defendants rehashed arguments the court already concluded did not weigh in favor of certification. Finally, the court rejected the defendants' argument that the benefits of interlocutory review outweighed the costs based on what the defendants contended was the high likelihood that Javice would be unable to repay the advanced expenses in the event of a reversal on appeal. The court described this argument as inconsistent with Delaware policy on advancement and inefficient in view of the frequency with which advancement disputes arise in the Court of Chancery.

(8) Applications for interlocutory review are addressed to the sound discretion of the Court.[2] In the exercise of its discretion and giving due weight to Court of Chancery's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule

---

[2] Supr. Ct. R. 42(d)(v).

42(b). We agree with the Court of Chancery that most of the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review and that the potential benefits of immediate review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice